STATE OF NORTH CAROLINA v. KENNETH CARVER

No. 7130SC754

(Filed 15 December 1971)

1. Criminal Law § 158— assignment based on matters outside record

    An assignment of error based upon matters outside the record is improper and must be disregarded on appeal.

2. Criminal Law § 138— sentencing — expression of opinion by probation officer

    Defendant's contention that prior to being sentenced upon his plea of guilty of forgery, a probation officer expressed an opinion to defendant that if defendant accepted an active sentence he would not receive more than six months' imprisonment, if true, would constitute no ground for relief on appeal.

APPEAL by defendant from *Copeland, Special Judge,* 7 September 1971 Regular Session of Superior Court held in GRAHAM County.

Defendant tendered a plea of guilty to a charge of forgery which was alleged in a bill of indictment proper in form. After examining defendant under oath concerning the voluntariness of his plea, the court adjudged the plea of guilty to have been freely, understandingly and voluntarily made and ordered it entered on the record. Judgment was entered sentencing defendant to serve not more than two years in the custody of the Commissioner of Corrections under the provisions of Article 3A, Chapter 148 of the General Statutes. Defendant appealed.

*Attorney General Morgan by Associate Attorney Haskell for the State.*

*Leonard W. Lloyd for defendant appellant.*

GRAHAM, Judge.

No exceptions appear in the record. We have nevertheless examined the entire record and conclude that it contains no error. We hold the appeal to be frivolous.

Defendant does bring forward the following purported assignment of error:

"1. The defendant assigns as error the action of the Probation Officer during the interview with the defendant and prior to the sentencing of the defendant wherein the Probation Officer expressed an opinion to the defendant that if the defendant accepted an active sentence, said defendant would not receive more than six (6) months imprisonment."

[1]  No conversation between defendant and the probation officer appears in the record. An assignment of error based upon matters outside the record is improper and must necessarily be disregarded on appeal. However, we do note that in his purported assignment of error, defendant does not contend that his conversation with the probation officer influenced his plea of guilty. (An affidavit filed by the solicitor indicates that a probation officer was asked to confer with defendant *after* defendant's plea of guilty had been entered and accepted.)

[2]  Suffice to say, a defendant has no right to choose between an active sentence and probation, and even if the probation officer expressed an opinion to defendant as alleged in the purported assignment of error, it would constitute no grounds for relief.

No error.

Chief Judge MALLARD and Judge HEDRICK concur.